UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:08CV-56-M

JAMES HENRY WARREN                                                    PLAINTIFF

v.

JIM HOLLAND *et al.*                                                  DEFENDANTS

## MEMORANDUM OPINION

This action is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A.

This statute requires the Court to "review . . . a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity." Thus, even though Plaintiff paid the $350.00 filing fee, the Court is still required to

screen his complaint before service on Defendants. *Id.* On initial review the Court must dismiss

an action if it determines that it is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See*

28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the

reasons explained below, the Court must dismiss Plaintiff's complaint against the federal

Defendants because it is barred by the applicable one-year statute of limitations and must also

dismiss the complaint against the state Defendants because it fails to state a claim.

## I.  STANDARD OF REVIEW

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a

claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544  (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  FACTS

Plaintiff, a former federal inmate,[1] has sued numerous federal defendants:  Warden Jim Holland, Warden Mary Ellen Thomas, Warden Booker, Director Barbara Strem, Probation and Parole Officer John Fulner, Warden Ernest Chandler, Warden Richard Leitner, Warden J.Clark,

---

[1]Plaintiff is now an inmate in the Commonwealth of Kentucky's custody.

and Bureau of Prisons Manager Kathleen Hawks Fryer.  Plaintiff states that by Order entered

September 6, 1991, he was found guilty of several federal offenses in case number CR-91-36-01-

L(S) and was sentenced to 180-months incarceration.  Plaintiff explains that the above-named

federal Defendants violated his constitutional rights by incorrectly calculating his federal good-

time credits.  As a result, Plaintiff alleges that he was required to serve fourteen years of his

fifteen-year federal sentence when, in fact, he should have only been required to serve twelve

years and six months.  Plaintiff claims that this calculation error was acknowledged in open court

by Hon. Judge Charles R. Simpson III on March 16, 2006, during a parole revocation hearing.[2]

Plaintiff has also sued two attorneys, Assistant Commonwealth Attorney Mitchell

Danham and Public Defender Raymond Clooney.  Plaintiff was prosecuted by Defendant Danham

in Jefferson Circuit Court.  He was represented by Defendant Clooney.  Plaintiff claims that he

was improperly prosecuted by Defendant Danham on persistent felony offender charges because

the charges were incorrectly based on the partially invalidated federal sentence.  He alleges that

Defendant Clooney should have argued to the state court that it could not consider the federal

conviction to sentence him as a persistent felony offender in 2007 because of the computation

error acknowledged by Judge Simpson in March 2006.  Plaintiff claims that due to this error of

law made by Defendants Danham and Clooney he was coerced into improperly pleading guilty to

being a persistent felony offender in Jefferson Circuit Court in 2007.  As a result, Plaintiff claims

he received a substantially longer state sentence.

---

[2]For the purpose of its initial review, the Court presumes Plaintiff's characterization of
the hearing is correct.  The Court, however, makes note that it has not made a judicial
determination that this is indeed what transpired at the hearing.  Rather, the Court is merely
accepting Plaintiff's version of the events as true for the purpose of screening the complaint.

Plaintiff is seeking both compensatory and punitive damages against all Defendants.

### III.  ANALYSIS

**A.      Federal Defendants**

A plaintiff may file suit in federal court arising from a violation of his constitutional rights by persons acting under the color of federal law.  *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395 (1971).   A *Bivens* action is considered the federal counterpart of a Section 1983 action.  *Shannon v. Gen. Elec. Co.*, 812 F. Supp. 308, 322 (N.D.N.Y. 1993).  However, a *Bivens* cause of action is only available against federal officers in their individual capacities, not the federal agency which employs the persons acting under federal law or the federal government itself.  *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (refusing to find a *Bivens* remedy against a federal agency); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *see also Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under *Bivens* is against federal officials individually, not the federal government.").  Thus, although not specified by Plaintiff, the Court presumes that Plaintiff has sued the federal defendants in their individual capacities only.

The state statute of limitations for personal injuries governs claims under *Bivens*.  *See Owens v. Okure*, 488 U.S. 235, 239-40 (1989).  Federal courts sitting in Kentucky "borrow" Kentucky's one-year statute of limitations for personal injury claims, Ky. Rev. Stat. § 413.140(1).  Accordingly, because the claims against the federal Defendants in the present case are *Bivens* claims, this Court must adopt Kentucky's one-year statute of limitations.  *See Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).  However, the question of when civil-rights claims accrue is one of federal law.  *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107

4

(6th Cir. 1995); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  Under federal law, a claim

accrues when the plaintiff knows, or has reason to know, of the injury which forms the basis for

the action.  *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *Sevier*, 742 F.2d

at 273 ("A plaintiff has reason to know of his injury when he should have discovered it through

the exercise of reasonable diligence.").

 The injury that forms the basis for this action is the fact that Plaintiff allegedly over-

served his federal sentence.  Plaintiff alleges that he assumed for many years that Defendants

were not computing his sentence properly.  However, an argument could certainly be made that

those assumptions did not become actionable until he received judicial confirmation of his

suspicions during the March 16, 2006, hearing before Judge Simpson.  At that time, according to

Plaintiff, he received an unequivocal judicial acknowledgment that he had over-served his federal

sentence.  As such, the unavoidable conclusion is that his *Bivens* claim began to run as of that

date.  Plaintiff did not file the instant action until May 4, 2008, over two years after Judge

Simpson's alleged ruling, making it over a year too late.  The Court notes, however, that

previously on September 12, 2007, Plaintiff filed an action alleging similar facts against the

Federal Bureau of Prisons in the Western District of Kentucky, *Warren v. Federal Bureau of

Prisons*, 3:08CV-505-S.  That action was dismissed for failure to state a claim because federal

agencies are not subject to suit under *Bivens*.  Even if the Court were to give Plaintiff the benefit

of the doubt and decide for the purposes of initial review that the first action tolled the statute of

limitations, Plaintiff still could not prevail.  To satisfy the one-year statute of limitations, Plaintiff

would have had to have filed an action no later than March 16, 2007, a year after the hearing

before Judge Simpson.  Thus, the statute of limitations expired almost a full six months before

Plaintiff ever filed suit against any federal defendant on these facts.

The Supreme Court has recently held that when the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215, (2007). From the face of Plaintiff's complaint, it is clear that his claims against the federal Defendants are time-barred. As such, it is proper for this Court to dismiss those claims on initial screening.

**B.     State Defendants**

Plaintiff's claims against the state Defendants are pursued under 42 U.S.C. § 1983 instead of *Bivens*. Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. It has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

**1.     Public Defender Raymond Clooney**

Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). The Court further observes that to the extent Plaintiff seeks to reduce his state-court sentence due to the alleged ineffectiveness of his public defender such a claim is not cognizable under § 1983. If Plaintiff desires to raise such a claim in federal court, he may do so by bringing a habeas action under 28 U.S.C. § 2254 after exhaustion of his state-court remedies.

6

**2.      Assistant Commonwealth Attorney Mitchell Danham**

To the extent that Plaintiff seeks to sue Defendant Danham in his official capacity, his claims are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985). States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from Defendant Danham he fails to allege a cognizable official-capacity claim under § 1983.   To the extent Danham is sued in his individual capacity, this action is barred by the doctrine of absolute prosecutorial immunity. It is well-established that prosecutors enjoy absolute immunity from suits under § 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002). Deciding to prosecute Plaintiff on persistent felony offender charges is unquestionably conduct that is "intimately associated with the judicial phase of the criminal process." *See Imbler*, 424 U.S. at 420. Thus, Defendant Danham has immunity from any claims arising from that decision.

The Court will enter a separate Order of dismissal consistent with this Memorandum. Opinion.

Date:

cc:      Plaintiff, *pro se*

4414.008

7